IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                           Case No. 13-10140-03-JWB

JORGE RODRIGUEZ-MACIEL,

          Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to appoint counsel and to reduce sentence under 18 U.S.C. §3582. (Doc. 201.) The government filed a response. (Doc. 202.) No reply has been filed, and the time for doing so has expired. For the reasons stated below, the motion is DENIED.

**I. Facts and Procedural History**

On October 2, 2015, Defendant pled guilty to a single count of conspiracy to distribute methamphetamine in violation of 18 U.S.C. §§ 846 and 841(a)(1). The authorized statutory punishment for the offense included imprisonment for a term of not less than ten years and up to life imprisonment. 18 U.S.C. § 841(b)(1)(A). Defendant's total offense level was 37 and his criminal history category was I, resulting in an advisory sentencing range of 210 to 262 months imprisonment. (Doc. 149 at 16.) Pursuant to a binding plea agreement, which the court accepted, Defendant was sentenced to 144 months imprisonment, a five-year term of supervised release, and a $100 special assessment. (Doc. 154.) Judgment was entered on January 7, 2016. (*Id.*) Defendant's projected release date is November 16, 2023. *See* Fed. Bureau of Prisons, Inmate

Locator, https://www.bop.gov/inmateloc (last visited Jan. 12, 2021). Defendant is fifty-two years old. (Doc. 201 at 1.)

On November 23, 2020, Defendant filed his motion for release, which argues his sentence should be reduced because he has high blood pressure and is therefore at risk from COVID-19, although he has already contracted COVID-19 and recovered in August 2020. (Doc. 201 at 1.) Defendant is incarcerated at CI Giles W. Dalby, which currently reports one active COVID-19 case among inmates. Fed. Bureau of Prisons, COVID-19 Coronavirus: COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Jan. 12, 2021). It also reports three prior inmate deaths and 88 inmate recoveries from COVID-19. *Id.* CI Giles W. Dalby is a privately contracted correctional institution with 1,418 federal inmates. The government opposes Defendant's motion, arguing Defendant's high blood pressure and prior COVID infection does not meet the threshold for extraordinary and compelling reasons that warrant release, and further that the sentencing factors in 18 U.S.C. § 3553(a) weigh against the requested reduction. (Doc. 202 at 15-19.)

**II. Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant

such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

### III. Analysis

#### A. Exhaustion

Defendant has satisfied the exhaustion requirement. His administrative request for relief was denied by the warden of the facility on September 25, 2020. (Docs. 201-1 at 10; 202 at 7.)

### B. Extraordinary and Compelling Circumstances

According to the government, the Department of Justice has identified risk factors that place inmates at higher risks of complications from COVID-19. (Doc. 202 at 13 & n.9.) Those factors do not appear to include high blood pressure or hypertension. (*Id.*) Nevertheless, the government also acknowledges that the Centers for Disease Control and Prevention ("CDC") has also identified factors that increase an individual's risk of developing complications from COVID-19. (*Id.* at 12-13 & n.8.) The CDC's list does not affirmatively assert that high blood pressure or hypertension increases one's risk of severe illness from COVID-19; rather, the CDC includes high blood pressure and hypertension among the conditions that "might" give rise to an increased risk of complications from the virus. *See* Centers for Disease Control, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on January 12, 2021).

In this case, the court need not resolve this issue because Defendant has failed to meet his burden to show that he has high blood pressure or hypertension. The medical records provided by Defendant in support of his motion make no mention of those conditions. Instead, they show only that Defendant was diagnosed and treated for COVID-19 and pneumonia in July 2020. (Doc. 201-1 at 15-21.) By his own admission, he recovered from COVID-10 in August 2020. (Doc. 201 at 1.) Accordingly, he shows no current basis for compassionate release other than his general fear of reinfection. As many courts have noted, that fear alone does not rise to the level of extraordinary and compelling circumstances. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *6 (D. Kan. July 13, 2020).

4

Given that Defendant has the burden to show that compassionate release is warranted, *see Dial,* 2020 WL 4933537 at *2, and he cites no medical records to support his claim, the court concludes Defendant has failed to establish that his alleged high blood pressure or his risk of reinfection is sufficiently serious to merit a reduction in sentence for extraordinary and compelling circumstances.

### C. Sentencing Factors

Prior to granting a motion for compassionate release, the court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Even if Defendant had shown a medical condition sufficient to warrant consideration as an extraordinary and compelling circumstance, the sentencing factors in § 3553 show that a reduction in his sentence is not warranted. Defendant was convicted of a serious drug-trafficking offense. The seriousness of the offense is demonstrated by Congress's determination that the penalty for the offense must include at least a ten-year term of imprisonment. 18 U.S.C. § 841(b)(1)(A). Defendant has served only a little over half of his original sentence of 144-month sentence, which was itself a significant reduction from the advisory guideline range applicable to the offense. The need for the sentence to reflect the seriousness of the offense, to provide just punishment, to promote respect for the law, to deter crime, to protect the public, and to avoid unwarranted disparities in sentences among similarly-situated defendants, all weigh strongly against a reduction

in the sentence. After considering all of the circumstances, the court concludes a reduction in sentence is not warranted and should be denied.

### IV. Conclusion

Defendant's motion for sentence reduction under § 3582 (Doc. 201) is DENIED.[1] IT IS SO ORDERED this 15th day of January, 2021.

                                                      s/ John W. Broomes  
                                                      JOHN W. BROOMES  
                                                      UNITED STATES DISTRICT JUDGE

---

[1] Defendant's motion also requested appointment of counsel. Pursuant to District of Kansas Administrative Order 2020-8, motions for compassionate release related to COVID-19 are referred to the Federal Public Defender's ("FPD") office for review and determination whether the FPD will appear in the case on behalf of the defendant. In this case, the FPD declined to enter an appearance and did not recommend referral to a Criminal Justice Act panel attorney. The court has reviewed Defendant's motion and determined that, based on the content and arguments presented therein, Defendant is capable of presenting his motion without the assistance of counsel. Accordingly, his motion to appoint counsel is also denied.